■ In the Matter of KIM SHANTAE M. and Another, Children Alleged to be Neglected. NEW YORK FOUNDLING HOSPITAL, Respondent; BERNADETTE M., Appellant. [633 NYS2d 151] —Order, Family Court, New York County (Leah Marks, J.), entered June 15, 1993, which entered a suspended judgment for a period of 9 months upon certain conditions, which order followed a fact-finding determination on December 13, 1991 that respondent had permanently neglected her two daughters; and order of the same court and Judge, entered on or about May 4, 1994, which vacated the suspended judgment and terminated respondent's parental rights to her two daughters and committed their custody and guardianship to petitioner and the Commissioner of Social Services for the purposes of adoption, unanimously affirmed, without costs.

Respondent argues that her due process rights were violated because the suspended judgment was not reduced to a writing for six months. As the claim was not raised in Family Court, it is not properly before us. Were we to review it, we would find it to be without merit. Uniform Rules for Trial Courts (22 NYCRR) § 205.14 (a) and Family Court Act § 217 (3), direct, respectively, that proposed orders must be submitted for signature and that the court shall file or direct the filing of an order. Neither provides that failure to timely submit a written order renders the order unenforceable. In addition, while the terms of the suspended judgment were not submitted to the court in a written order until June, 1993, they were still binding on respondent since the terms of the judgment were stipulated to by respondent and her counsel and agreed to in open court. Stipulations agreed to in open court are binding regardless of whether they are reduced to a written order and entered. (CPLR 2104; Commissioner of Social Servs. v Rufelle C., 156 Misc 2d 410, 413.) Respondent's argument that she never received a copy of the order is belied by the record.

Respondent's contention that the court modified the terms of the suspended judgment without her consent and then found her in violation of those terms is without merit. The terms of the suspended judgment were the same as those consented to by respondent on December 8, 1992 in open court, except for the length of the suspended judgment and the provision that the matter could be recalendared by any of the parties. The court extended the suspended judgment during a proceeding when respondent was present, without her counsel. Any error

in this procedure did not prejudice respondent as the court advised her that she could ask her attorney to recalendar the case before the expiration date of the judgment if she objected to it. Three months later, respondent moved on her own for immediate release of the children and, approximately two weeks thereafter, with the aid of her attorney, the children were released to her on a trial discharge.

Respondent also argues that reversal is warranted since she was not served with a petition containing the alleged violations of the suspended judgment before a hearing on that issue was held. Contrary to respondent's contention, 22 NYCRR 205.50 (d) (1) does not mandate that a violation petition be filed before a court can determine if a suspended judgment has been violated. In any event, respondent had ample notice that she had not complied with the conditions of the suspended judgment. Respondent agreed to the conditions of the judgment in open court and was aware that the agency was seeking custody of the children. In addition, on August 19, 1993, with respondent present, the agency asked the court to direct respondent to comply with one of the conditions of the judgment and the court advised respondent that on the next adjourned date the agency could seek to have her rights terminated. We also note that on October 20, 1993, the agency caseworker testified that respondent was not complying with one of the conditions of the suspended judgment and the court adjourned the case to allow respondent to present evidence about her progress.

Respondent's contention that the court failed to conduct a dispositional hearing is without merit. The proceedings held on November 10, 1993 and January 13, 1994 constituted the dispositional hearing, and respondent had ample notice that such was the case. Moreover, inasmuch as the court had already found that respondent violated the terms of the suspended judgment, it was permitted to terminate respondent's parental rights without a further dispositional hearing (*Matter of Israel R.*, 200 AD2d 498; *Matter of Patricia O.*, 175 AD2d 870).

We have considered respondent's other arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.