■ In the Matter of LAYANTE NYTARA ASHANTI M. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, NYTARA M., Appellant. (Proceeding No. 1.) In the Matter of ESSIBA KALILYA M. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, NYTARA M., Appellant. (Proceeding No. 2.) [775 NYS2d 80]—

In two related proceedings pursuant to Social Services Law § 384-b (4) to terminate the mother's parental rights on the ground of permanent neglect, the mother appeals from two orders of disposition (one as to each child) of the Family Court, Nassau County (Foskey, J.), both dated June 13, 2002, which, after a hearing, determined that she failed to comply with the terms and conditions of an order suspending judgment of the same court (Koenig, J.) dated October 5, 2001, terminated her parental rights, and awarded custody and guardianship of the children to the petitioner for the purpose of adoption.

Ordered that the orders of disposition are reversed, on the law and in the exercise of discretion, without costs or disbursements, the violation petition is denied, and the matter is remitted to the Family Court, Nassau County, to conduct a fact-finding hearing on the neglect petitions and issue orders of disposition.

· The Nassau County Department of Social Services (hereinafter DSS) petitioned to terminate the mother's parental rights to her two children. These petitions culminated allegedly on the mother's consent without admissions and without a fact-finding

hearing in a six-month order suspending judgment which covered both children and which had no stated terms or conditions. Within the six-month period, DSS filed a single petition covering both children alleging that the mother violated the order suspending judgment with respect to each child. The Family Court revoked the order suspending judgment and terminated the mother's parental rights to both children. We reverse.

The mother's contention that the order suspending judgment lacked specific terms and conditions and, therefore, the Family Court erred in revoking it and in terminating her parental rights, is unpreserved for appellate review (*see Matter of Kim Shantae M.*, 221 AD2d 199 [1995]). However, we review the mother's argument in the exercise of discretion.

The Uniform Rules for the Family Court (22 NYCRR) § 205.50 (a) requires an order suspending judgment to contain at least one of the terms and conditions enumerated therein. Here, the order suspending judgment did not do so. It fact, it contained no terms or conditions at all. Accordingly, since the mother could neither comply with nor violate the order suspending judgment, the Family Court erred in terminating her parental rights based on its violation (*see* 22 NYCRR 205.50 [d]).

We reject the contention of DSS that the appeal must be dismissed because the orders of disposition allegedly were entered upon the mother's default. The orders of disposition do not recite her default, apparently because she was represented by counsel at the hearing culminating in the orders appealed from (*see Matter of Sales v Gisendaner,* 272 AD2d 997 [2000]).

Because the Family Court never held a hearing on the neglect petitions, we remit this matter to the Family Court, Nassau County, to conduct a fact-finding hearing on the neglect petitions and to issue orders of disposition.

The parties' remaining contentions need not be reached in light of our disposition. Altman, J.P., Smith, S. Miller and Crane, JJ., concur.