■ In the Matter of ALIZE LEE D., a Child Alleged to be Permanently Neglected. LITTLE FLOWER CHILDREN AND FAMILY SERVICES, Respondent; APRIL VERONICA W., Appellant. [899 NYS2d 635]—In a proceeding pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate parental rights on the ground of permanent neglect, the mother appeals (1), as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Elkins, J.),

dated February 20, 2009, as, after fact-finding and dispositional hearings, found that she permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to Little Flower Children and Family Services of New York and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption, and (2) from an order of the same court dated April 22, 2009, which, in effect, denied her motion to vacate the order of fact-finding and disposition and reopen the dispositional hearing. The notice of appeal from an unsigned transcript of the same court dated March 12, 2009, is deemed to be a premature notice of appeal from the order dated April 22, 2009 (see CPLR 5520 [c]).

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated April 22, 2009, is affirmed, without costs or disbursements.

The Family Court properly determined that the petitioner established, by clear and convincing evidence, that during the relevant statutory period, the mother failed to substantially and continuously maintain contact with and plan for the future of the subject child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7] [a]; Matter of Alexis Latoya Revell W., 9 AD3d 368 [2004]; Matter of Rondale L., 247 AD2d 617, 618 [1998]). Furthermore, the Family Court properly determined that the best interests of the child would be served by terminating the mother's parental rights and freeing the child for adoption (see Family Ct Act § 631).

The Family Court also providently exercised its discretion in denying the mother's motion to vacate the order of fact-finding and disposition and reopen the dispositional hearing (cf. CPLR 5015 [a] [2]).

The mother's remaining contention is unpreserved for appellate review and, in any event, without merit. Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.