In related proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate parental rights on the ground of permanent neglect, the petitioner appeals from an order of disposition of the Family Court, Suffolk County (Hoffmann, J.), dated November 29, 2012, which, after a hearing, reinstated and extended for a period of one year a suspended judgment contained in an order of fact-finding and disposition of the same court dated May 7, 2010, which suspended judgment had been previously vacated by order of the same court dated June 25, 2012.
Ordered that the order of disposition dated November 29, 2012, is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new dispositional hearing, to be convened expeditiously, and thereafter, for a new disposition forthwith.
The two children who are the subjects of these proceedings are now 17 and 14 years old, respectively. They have been in foster care since 2006. The respondent, their father, has served several periods of incarceration in the past, and he is incarcerated now. In an order of fact-finding and disposition dated May 7, 2010, made after a hearing, the Family Court found that the father permanently neglected both children. The Family Court entered an order suspending judgment, which was to be effective “for one year from the date of [the father’s] release from incarceration.” The order suspending judgment did not specify any terms and conditions.
About two years later, the petitioner, the Suffolk County Department of Social Services (hereinafter DSS), moved to vacate the order suspending judgment, contending that it was illegal, and that the children remained in foster care with uncertain futures. The Family Court granted the motion and vacated the order suspending judgment, recognizing that the order suspending judgment violated Family Court Act § 633 (b), which provides that “[t]he maximum duration of a suspended judgment under this section is one year.” Then, after conducting a very brief dispositional hearing, during which it recognized that the father was still incarcerated, the Family Court, in the *991 order of disposition appealed from, reinstated and extended the suspended judgment for a period of one year. Again, however, the Family Court did not specify any terms and conditions.
A dispositional order suspending judgment is a dispositional alternative, upon a finding of permanent neglect, that affords “a brief grace period designed to prepare the parent to be reunited with the child” (Matter of Michael B., 80 NY2d 299, 311 [1992]). In essence, an order suspending judgment provides the parent with a second chance, but it may be utilized only when the court determines that a second chance is in the child’s best interests (see Family Ct Act §§ 631, 633; Matter of Michael B., 80 NY2d at 311; Matter of Jalil U. [Rachel L.-U.], 103 AD3d 658, 659 [2013]; Matter of Ernesto Thomas A., 5 AD3d 380, 381 [2004]). Moreover, the maximum duration of a suspended judgment is one year, unless the court finds at the conclusion of that period that “exceptional circumstances” require an extension of that period for one additional period of up to one year (Family Ct Act § 633 [b]; see Matter of Michael B., 80 NY2d at 311).
Here, as the Family Court realized, its original order suspending judgment was defective because it was for an indefinite period — “one year from the date of [the father’s] release from incarceration” — and thus violated Family Court Act § 633 (b). Accordingly, the Family Court properly granted DSS’s motion to vacate the order suspending judgment. The Family Court’s new order, however, also was defective and must be reversed. Family Court Act § 633 (c) provides that an order suspending judgment “must set forth the . . . terms and conditions of the suspended judgment” (see also 22 NYCRR 205.50 [b]) so that the Family Court may determine whether the parent has violated it (see Matter of Layante Nytara Ashanti M., 6 AD3d 617, 618 [2004]; cf. Matter of Jalil U. [Rachel L.-U.], 103 AD3d at 660). Here, however, the Family Court’s original order of fact-finding and disposition, and its subsequent order of disposition, did not set forth any terms and conditions. Accordingly, the order of disposition extending the suspension of judgment must be reversed, and the matter remitted to the Family Court, Suffolk County, for a new dispositional hearing to be convened expeditiously, and thereafter, a new disposition forthwith. A suspended judgment may not be entered if the best interests of the children, for whom uncertainty has existed far too long, would require a termination of parental rights (see Matter of Jalil U. [Rachel L.-U.], 103 AD3d at 660-661). Skelos, J.E, Balkin, Austin and Sgroi, JJ., concur.