*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 8, 2015                    517090
_____

In the Matter of MICHAEL HH.,
    Alleged to be a Permanently
    Neglected Child.

RENSSELAER COUNTY DEPARTMENT              MEMORANDUM AND ORDER
    OF SOCIAL SERVICES,
                    Respondent;

MICHAEL II.,
                    Appellant.
_____

Calendar Date:  November 12, 2014

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Eugene P. Grimmick, Troy, for appellant.

        Stephen J. Dushko, Rensselaer County Department of Social
Services, Troy, for respondent.

        Larry P. Kivitz, East Greenbush, attorney for the child.

_____

Devine, J.

        Appeal from an order of the Family Court of Rensselaer
County (Cholakis, J.), entered June 27, 2013, which granted
petitioner's application, in a proceeding pursuant to Social
Services Law § 384-b, to revoke a suspended judgment, and
terminated respondent's parental rights.

        Respondent is the father of Michael HH. (born in 2000).  In
2008, respondent voluntarily transferred custody of the child to
petitioner and, shortly thereafter, consented to the entry of a

one-year order of supervision that required respondent to comply with a list of terms and conditions. Although respondent had custody of the child for a few months in 2009, the child was returned to foster care when respondent was found to have violated the prior order of supervision. Petitioner filed a permanent neglect petition against respondent in 2010 and respondent consented to a one-year suspended judgment. When respondent failed to satisfy certain conditions of the judgment, petitioner commenced the instant proceeding to revoke the suspended judgment and terminate respondent's parental rights. Respondent moved to dismiss the petition, which motion was supported by the attorney for the child. Family Court denied the motion and, after completing a hearing on petitioner's application and an in camera examination of the child, Family Court granted the petition. Respondent appeals.

It is well settled that a suspended judgment gives a parent who is found to have neglected his or her child "a brief grace period within which to become a fit parent with whom the child can be safely reunited" (Matter of Alexandria A. [Ann B.], 93 AD3d 1105, 1106 [2012], lv denied 19 NY3d 805 [2012] [internal quotation marks and citation omitted]; see Matter of Elias QQ. [Stephanie QQ.], 72 AD3d 1165, 1166 [2010]). Where, as here, it is established by a preponderance of the evidence that the parent has failed to comply with the terms and conditions of a suspended judgment, such judgment may be revoked and parental rights may be terminated (see Matter of Gracie YY., 34 AD3d 1053, 1054 [2006]; Matter of Amber AA., 301 AD2d 694, 696 [2003]). Furthermore, "petitioner is not obligated to wait until the end of the period of suspended judgment to seek to revoke the suspended judgment" where the parent has repeatedly violated the judgment's terms and conditions (Matter of Alexandria A. [Ann B.], 93 AD3d at 1107; see e.g. Matter of Ronnie P. [Danielle Q.], 85 AD3d 1246, 1246 [2011]).

The suspended judgment required respondent to, among other things, retrieve the child for scheduled visitation sessions and return him to his foster home in a timely manner, attend meetings with the child's counselor and undergo family counseling with his girlfriend. The record shows that, despite the mandate that respondent be punctual for his visitation with the child, he

failed to do so on more than one occasion. Moreover, hearing testimony revealed that respondent's attendance at counseling meetings was, at best, erratic, despite continual efforts by the child's counselor to reschedule appointments and make accommodations for respondent. Respondent also failed to schedule a family counseling session even after receiving numerous reminders to do so.

Respondent and the attorney for the child, neither of whom appeared at oral argument, now argue that respondent's failure to undergo counseling with his fiancée or attend certain scheduled meetings with the child's counselor were "inconsequential violations of the suspended judgment" that should not have resulted in the termination of respondent's parental rights. However, the fact that respondent may not have understood the reasoning for or agreed with the terms and conditions in the suspended judgment did not render such provisions anything less than compulsory, and although respondent was afforded ample opportunity to satisfy the terms and conditions of the suspended judgment, his failure to comply with the provisions of such judgment exposed him to the risk of losing his parental rights (see Matter of Cole WW. [Amanda WW.], 106 AD3d 1408, 1409 [2013], lv denied 21 NY3d 865 [2013]; Matter of Clifton ZZ. [Latrice ZZ.], 75 AD3d 683, 684 [2010]; Matter of Travis A. [Daisy B.], 4 AD3d 632, 633 [2004], lv denied 2 NY3d 706 [2004]). The record, in fact, provides no indication that respondent made any meaningful effort to address the issues that led to the child's placement in foster care in the first instance and "take appropriate steps to have [the child] returned to his custody" (Matter of Madelyn D. [Direll D.], 112 AD3d 1165, 1166 [2013]; see Matter of Darren V., 61 AD3d 986, 986-987 [2009], lv denied 12 NY3d 715 [2009]; Matter of Frederick MM., 23 AD3d 951, 953 [2005]).

Although respondent's breach of the express conditions of the suspended judgment "'does not compel the termination of [his] parental rights, [it] is strong evidence that termination is, in fact, in the best interests of the child[]'" (Matter of Ronnie P. [Danielle Q.], 85 AD3d at 1247, quoting Matter of Clifton ZZ. [Latrice ZZ.], 75 AD3d at 685). The child's foster mother averred that he struggled emotionally when respondent's

visitation became inconsistent and that, despite being asked to become involved in the child's athletic activities, respondent has failed to attend any games or practices. The child's placement in his foster home has given him a safe, stable and caring environment in which he has bonded with his foster parents and siblings. Family Court, although obviously disheartened in resolving the instant petition contrary to the child's express wishes, ultimately determined that his best interests would be served by terminating respondent's parental rights and clearing the way for him to be permanently placed with the foster family. Inasmuch as Family Court's determination has a sound and substantial basis in the record, it shall remain undisturbed (see Matter of Jayden T. [Amy T.], 118 AD3d 1075, 1077 [2014]; Matter of Kellcie NN. [Sarah NN.], 85 AD3d 1251, 1252-1253 [2011]; Matter of Aidan D., 58 AD3d 906, 909 [2009]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court