Matter of Jenna D. (Paula D.) (2018 NY Slip Op 06658)





Matter of Jenna D. (Paula D.)


2018 NY Slip Op 06658


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


997 CAF 16-02089

[*1]IN THE MATTER OF JENNA D. ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES CHILD PROTECTIVE UNIT, PETITIONER-RESPONDENT; PAULA D., RESPONDENT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.
GARY L. CURTISS, COUNTY ATTORNEY, CANANDAIGUA (HOLLY A. ADAMS OF COUNSEL), FOR PETITIONER-RESPONDENT.
VICTORIA L. KING, CANANDAIGUA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Ontario County (William F. Kocher, J.), dated October 12, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order that, inter alia, revoked a suspended judgment and terminated her parental rights with respect to the subject child. Family Court (Doran, J.) had previously granted a suspended judgment for a period of six months upon the consent of the parties and the mother's admission of permanent neglect. Less than a month after the suspended judgment was in effect, petitioner moved to revoke it because the mother allegedly violated several of its terms. Following a fact-finding hearing, the court (Kocher, J.) determined that the mother failed to comply with several terms of the suspended judgment and that termination of her parental rights was in the best interests of the child.
The mother contends that the court prematurely revoked the suspended judgment because a copy of the suspended judgment was not furnished to her before petitioner filed its motion. Inasmuch as the mother raises that issue for the first time on appeal, it is not properly before us (see Matter of Dutchess County Dept. of Social Servs. v Judy M., 227 AD2d 478, 479 [2d Dept 1996]; see also Matter of Kim Shantae M., 221 AD2d 199, 199 [1st Dept 1995]). In any event, the mother's testimony at the hearing established that she understood and agreed to the terms of the suspended judgment on the date that the suspended judgment was granted (see Kim Shantae M., 221 AD2d at 199). Petitioner, moreover, was not obligated to wait six months until the suspended judgment expired before filing its motion (see Matter of Dah'Marii G. [Cassandra G.], 156 AD3d 1479, 1480 [4th Dept 2017]; Matter of Emily A. [Gina A.], 129 AD3d 1473, 1474 [4th Dept 2015]).
Contrary to the mother's further contention, a preponderance of the evidence at the hearing establishes that she violated several terms of the suspended judgment (see Matter of Michael HH. [Michael II.], 124 AD3d 944, 944 [3d Dept 2015]; Matter of Ronald O., 43 AD3d 1351, 1352 [4th Dept 2007]), and the record does not support the mother's characterization of those violations as inconsequential, isolated or inadvertent (see Michael HH., 124 AD3d at 945).
We reject the mother's contention that the court erred in failing to conduct a separate dispositional hearing to address the child's best interests. "It is well established that a hearing on a [motion] alleging that the terms of a suspended judgment have been violated is part of the [*2]dispositional phase of the permanent neglect proceeding, and that the disposition shall be based on the best interests of the child" (Matter of Alisa E. [Wendy F.], 114 AD3d 1175, 1176 [4th Dept 2014], lv denied 23 NY3d 901 [2014]). Here, the court conducted a lengthy hearing that addressed both the alleged violations of the suspended judgment and the child's best interests, and there was no need for an additional hearing (see Matter of Jeremiah J.W. [Tionna W.], 134 AD3d 848, 849 [2d Dept 2015], lv dismissed 27 NY3d 1061 [2016]; see also Kim Shantae M., 221 AD2d at 200).
Finally, a preponderance of the evidence supports the court's determination that it was in the child's best interests to terminate the mother's parental rights (see Matter of Mikel B. [Carlos B.], 115 AD3d 1348, 1349 [4th Dept 2014]). "Although [the mother's] breach of the express conditions of the suspended judgment does not compel the termination of [her] parental rights, [it] is strong evidence that termination is, in fact, in the best interests of the child[ ]" (Michael HH., 124 AD3d at 945-946 [internal quotation marks omitted]). "The court's determination that [the mother] was not likely to change sufficiently to enable her to parent the child[] is entitled to great deference[,]" and we thus conclude that "any progress that [the mother] made was not sufficient to warrant any further prolongation of the child[]'s unsettled familial status" (Matter of Brendan S., 39 AD3d 1189, 1190 [4th Dept 2007] [internal quotation marks omitted]), and termination of the mother's parental rights was therefore proper (see Matter of Douglas H. [Catherine H.], 1 AD3d 824, 825-826 [3d Dept 2003], lv denied 2 NY3d 701 [2004]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court