Matter of Hope J. (Fatima M.) (2021 NY Slip Op 00561)





Matter of Hope J. (Fatima M.)


2021 NY Slip Op 00561


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-08503
 (Docket Nos. B-1780-16, B-8037-17, V-8196-17, V-8197-17)

[*1]In the Matter of Hope J. (Anonymous). Forestdale, Inc., petitioner-respondent; Fatima M. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Nyla J. (Anonymous). Forestdale, Inc., petitioner-respondent; Fatima M. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Nadine Clark, petitioner-appellant,
and
Anthony Jackson, respondent, Fatima Martin, respondent-appellant. (Proceeding No. 3.)


Melissa C. R. Chernosky, Port Washington, NY, for appellant in Proceeding Nos. 1 and 2 and respondent-appellant in Proceeding No. 3.
Leighton M. Jackson, New York, NY, for petitioner-appellant.
Rosin Steinhagen Mendel, New York, NY (Douglas H. Reiniger of counsel), for petitioner-respondent.
Allan D. Shafter, Port Washington, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6, the mother appeals, and the maternal grandmother separately appeals, from an order of the Family Court, Queens County (Emily Ruben, J.), dated August 8, 2019. The order, upon a decision of the same court dated June 12, 2019, made after a hearing, found that it was in the best interests of the subject children to be freed for adoption, terminated the mother's parental rights, dismissed the maternal grandmother's petition for custody of the children, and transferred custody and guardianship of the children to the Commissioner of the Administration for Children's Services of the City of New York and Forestdale, Inc., for the purpose of adoption.
ORDERED that on the Court's own motion, the notices of appeal from the decision dated June 12, 2019, are deemed to be premature notices of appeal from the order dated August 8, 2019 (see CPLR 5520[c]); and it is further,
ORDERED that the order dated August 8, 2019, is affirmed, without costs or [*2]disbursements.
Fatima M. (hereinafter the mother) and Nadine C. (hereinafter the grandmother) are the mother and the maternal grandmother, respectively, of the subject children. The child Hope J. was born in March 2014, and the child Nyla J. was born in November 2015. The children were both remanded to foster care shortly after birth and have remained in the same nonkinship foster home continuously since then.
In January 2016, Forestdale, Inc. (hereinafter the petitioner), commenced a proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights with respect to Hope. In April 2017, a related proceeding pursuant to Social Services Law § 384-b was commenced by the petitioner with respect to Nyla. Shortly thereafter, the grandmother, who resides in Florida, filed a petition seeking custody of the children. A hearing on her custody petition was consolidated with a dispositional hearing in the termination proceedings.
Following the consolidated hearing, the Family Court found that it was in the best interests of the children to be freed for adoption by their foster mother. The court terminated the mother's parental rights, dismissed the grandmother's custody petition, and transferred custody and guardianship of the children to the Commissioner of the Administration for Children's Services of the City of New York and the petitioner for the purpose of adoption. The mother and the grandmother separately appeal.
At the dispositional stage of a proceeding to terminate parental rights, the court focuses solely on the best interests of the child, and there is no presumption that those interests will be served best by any particular disposition (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148; Matter of Isabella R.W. [Jessica W.], 161 AD3d 990, 991). The court may: (1) dismiss the petition if the allegations are not established; (2) suspend judgment for up to one year; or (3) terminate parental rights, freeing the child for adoption (see Family Ct Act § 631; Social Services Law § 384-b[8][f]).
Here, the Family Court properly determined that terminating the mother's parental rights and freeing the children for adoption by the foster mother was in the children's best interests (see Family Ct Act § 631). The mother's contention that the court should have granted her a suspended judgment, rather than terminate her parental rights, is unpreserved for appellate review and, in any event, without merit. A suspended judgment would not be in the children's best interests as it would serve only to prolong the delay of stability and permanence in the children's living situation (see Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856).
The Family Court also properly dismissed the grandmother's custody petition. An award of custody to the grandmother could not be granted in the absence of approval from the State of Florida, pursuant to the Interstate Compact for the Placement of Children (hereinafter ICPC) (see Matter of Alexus M. v. Jenelle F., 91 AD3d 648, 651). Here, the State of Florida performed two investigations of the grandmother's home and found that the home would not provide a suitable environment for the children. Accordingly, the placement was not permitted under the ICPC, and the petition was properly dismissed on this ground (see Matter of Laland v Bookhart, 183 AD3d 565, 566).
In light of the foregoing, we need not consider the parties' remaining contentions.
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court