Matter of Mathew B. C. (Sue-Ann L. C.) (2021 NY Slip Op 06689)





Matter of Mathew B. C.


2021 NY Slip Op 06689


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2020-05074
 (Docket No. B-22101-18)

[*1]In the Matter of Mathew B. C. (Anonymous). Graham Windham Services to Families and Children, respondent; Sue-Ann L. C. (Anonymous), appellant.


Lisa A. Manfro, Glen Cove, NY, for appellant.
Carrieri & Carrieri, P.C., St. James, NY (Ralph R. Carrieri of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated March 9, 2020. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the child jointly to Graham Windham Services to Families and Children and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding to terminate the mother's parental rights to the subject child on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court, among other things, found that the mother permanently neglected the child, terminated her parental rights, and freed the child for adoption. The mother appeals.
The granting of an adjournment for any purpose rests within the sound discretion of the court, and its determination will not be disturbed absent an improvident exercise of that discretion (see Matter of Zowa D.P. [Jenia W.], 190 AD3d 744, 745; Matter of Jahnya [Cozbi C.— Camesha B.], 189 AD3d 824, 825; Matter of Demetrious L.K. [James K.], 157 AD3d 796, 796-797). The analysis of whether to grant an adjournment implicates a balancing test weighing "the merit or lack of merit of the action, the extent of the delay, the number of adjournments granted, the lack of intent to deliberately default or abandon the action, and the length of the pendency of the proceeding" (Hawes v Lewis, 127 AD3d 921, 922; see Bayview Loan Servicing, LLC v Chaudhury, [*2]188 AD3d 1126, 1127).
Here, the Family Court providently exercised its discretion in denying the mother's adjournment request, as the mother had a history of missing court dates and had previously been granted an adjournment based on her representation that she could not afford to travel from Pennsylvania to New York. The court, conditioned upon the mother's compliance with the petitioner's request to provide a verified permanent out-of-state address in order to receive transportation assistance, granted that adjournment on a final basis. On the next scheduled appearance, the mother again failed to appear and counsel proffered the same excuse, but conceded that the mother had failed to comply with the court's directive to provide the petitioner with a verified permanent out-of-state address. Under these circumstances, the court providently exercised its discretion in denying the adjournment request (see e.g. Matter of Zowa D.P. [Jenia W.], 190 AD3d at 745).
Contrary to the mother's contention, the petitioner established, by clear and convincing evidence, that it exercised diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Anthony D. [Yonas S.], 159 AD3d 818, 818). Despite those efforts, the mother failed to plan for the return of the child as she failed to maintain consistent and meaningful parental access (see Matter of Quadir C.B. [Emmanuel D.], 166 AD3d 968, 969; Matter of Khadija J.K. [Kadijatu F.K.], 161 AD3d 1154), and failed to participate in mental health screening and treatment (see Matter of Gabriel M.I. [Steven M.I.], 160 AD3d 858, 859; Matter of Angelo E.S. [Katoya P.M.], 129 AD3d 850, 851).
Alternatively, the mother contends that the Family Court should have granted her a suspended judgment. However, this contention is unpreserved for appellate review (see Matter of Hope J. [Fatima M.], 191 AD3d 673, 674; Matter of Layante Nytara Ashanti M., 6 AD3d 617, 618; Matter of Kim Shantae M., 221 AD2d 199, 199), and, in any event, without merit. A suspended judgment was not appropriate since the mother lacked insight into her problems and failed to address the issues that led to the child's removal (see Matter of Alfonso J.C. [Jamie A.],188 AD3d 1196, 1197-1198; Matter of Adam M.D. [Victoria M.C.], 170 AD3d 1006, 1007; Matter of Sarah J.A. [Ramadan G.O.-A.], 156 AD3d 691, 693).
The mother's remaining contentions are without merit.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court