Matter of S. E. M. (Elizabeth A. M.) (2023 NY Slip Op 00423)

Matter of S. E. M. (Elizabeth A. M.)

2023 NY Slip Op 00423

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2021-07556
 (Docket No. B-1440-19)

[*1]In the Matter of S. E. M. (Anonymous). Dutchess County Department of Community and Family Services, respondent; Elizabeth A. M. (Anonymous), appellant.

Joseph F. Buono, Fishkill, NY, for appellant.
Caroline E. Blackburn, County Attorney, Poughkeepsie, NY (Maureen J. Brierton of counsel), for respondent.
Salihah R. Denman, New York, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of disposition of the Family Court, Dutchess County (Jeffrey C. Martin, J.), dated September 13, 2021. The order of disposition, upon an order of fact-finding of the same court dated April 30, 2021, and after a dispositional hearing, terminated the mother's parental rights and transferred guardianship and custody of the subject child to the Dutchess County Department of Community and Family Services for the purpose of adoption.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding to terminate the mother's parental rights to the subject child. The child was born on August 24, 2015, and removed from the mother's care in November 2017. After fact-finding and dispositional hearings, the Family Court determined that the mother permanently neglected the child, terminated her parental rights, and transferred custody and guardianship of the child to the petitioner for the purpose of adoption. The mother appeals.
Contrary to the mother's contention, the petitioner established, by clear and convincing evidence, that the mother permanently neglected the child (see Social Services Law § 384-b[7][a]), and that it exercised diligent efforts to strengthen the parent-child relationship. Those efforts included providing the mother with referrals for substance abuse and mental health treatment programs, scheduling parental access between the mother and the child, scheduling random drug screens, assisting the mother in her housing search, and transporting the mother to and from the child's medical appointments. Despite those efforts, the mother failed to plan for the return of the child, as she did not complete all of the required services and failed to gain any insight from those she did complete (see Matter of Ricardo T., Jr. [Ricardo T., Sr.], 191 AD3d 890; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730; Matter of Alfonso J.C. [Jamie A.], 188 AD3d 1196, 1197).
The petitioner further demonstrated, by clear and convincing evidence, that the [*2]mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child (see Social Services Law § 384-b[4][c]; Matter of William S.L. [Julio A.L.], 195 AD3d 839; Matter of Korah Z.G. [Sandra W.], 189 AD3d 1587, 1588; Matter of Zahyre A. [Faye A.], 183 AD3d 724).
Accordingly, the Family Court properly determined that the mother permanently neglected the child (see Matter of Ricardo T., Jr. [Ricardo T., Sr.], 191 AD3d 890; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730; Matter of Alfonso J.C. [Jamie A.], 188 AD3d at 1197).
The evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the child's best interests (see Matter of Malazah W. [Antoinette W.], 206 AD3d 1003, 1005; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d at 731). Contrary to the mother's contention, a suspended judgment would not be in the best interests of the child, as such a disposition would "only prolong the delay of stability and permanenc[y]" in the child's life (Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d at 732; see Matter of Malazah W. [Antoinette W.], 206 AD3d at 1005). Further, the Family Court properly determined that the best interests of the child would be served by freeing him for adoption by his foster parents, with whom he had bonded (Matter of Malazah W. [Antoinette W.], 206 AD3d at 1005; Matter of William S.L. [Julio A.L.], 195 AD3d 839; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d at 732).
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court