Matter of Camila G. C. (Matthew C.) (2024 NY Slip Op 03688)

Matter of Camila G. C. (Matthew C.)

2024 NY Slip Op 03688

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2023-05454
2023-09263
 (Docket No. B-2993-22)

[*1]In the Matter of Camila G. C. (Anonymous). Rockland County Department of Social Services, respondent; Matthew C. (Anonymous), appellant. Warren S. Hecht, Forest Hills, NY, for appellant.

Thomas E. Humbach, County Attorney, Pomona, NY (Barbara M. Wilmut of counsel), for respondent.
Legal Aid Society of Rockland County, New City, NY (Jacqueline Sands of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from (1) an order of fact-finding of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated May 22, 2023, and (2) an order of disposition of the same court dated August 28, 2023. The order of fact-finding, after a hearing, found that the father permanently neglected the subject child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, terminated the father's parental rights and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding to terminate the father's parental rights to the subject child on the ground of permanent neglect. After a fact-finding hearing, the Family Court found that the father permanently neglected the child. After a dispositional hearing, the court terminated the father's parental rights and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. The father appeals.
The petitioner established, by clear and convincing evidence, that the father permanently neglected the child (see Social Services Law § 384-b[7][a]), despite its diligent efforts to strengthen the parent-child relationship. Despite the petitioner's diligent efforts, the father failed to plan for the return of the child, as he did not complete all of the required services and failed to gain any insight from the services he did utilize (see Matter of S.E.M. [Elizabeth A.M.], 213 AD3d 667, 668). Accordingly, the Family Court properly found that the father permanently neglected the [*2]child.
At the dispositional stage of a proceeding to terminate parental rights, the court focuses solely on the best interests of the child, and there is no presumption that those interests will be served best by any particular disposition (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148). "The factors to be considered in making the determination include the [parent's] capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect" (Matter of William S.L. [Julio A.L.], 195 AD3d 839, 843 [internal quotation marks omitted]). At disposition, there is no presumption that the child's best interests will be served best by a return to the biological parent (see Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 955; Matter of Kasimir Lee D. [Jasmaine D.], 198 AD3d 754, 756). Here, the evidence showed that the child was at risk of future neglect, due to the father's failure to address his substance abuse issues. Therefore, the Family Court properly determined that it was in the child's best interests to terminate the father's parental rights and free the child for adoption.
The father's contention that the Family Court should have granted him a suspended judgment, rather than terminate his parental rights, is unpreserved for appellate review and, in any event, without merit. A suspended judgment is not appropriate where, as here, a parent has failed to gain insight into their problems and failed to address the issues which led to the child's removal in the first instance (see Matter of Jeremiah W.T. [Shaunta K.J.—William T.], 206 AD3d 662, 664; Matter of Mathew B.C. [Sue-Ann L.C.], 200 AD3d 689, 690).
BARROS, J.P., MALTESE, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court