Matter of Destiny B.-R. v Juan A. R. (2024 NY Slip Op 05096)

Matter of Destiny B.-R. v Juan A. R.

2024 NY Slip Op 05096

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-09303
 (Docket No. B-3684-21)

[*1]In the Matter of Destiny B.-R. (Anonymous). Dutchess County Department of Community and Family Services, respondent; Juan A. R. (Anonymous), appellant.

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Caroline E. Blackburn, County Attorney, Poughkeepsie, NY (Michael L. Rusilas of counsel), for respondent.
Karen C. Palumbo, Poughkeepsie, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of disposition of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated September 28, 2023. The order of disposition, upon an order of fact-finding of the same court dated May 4, 2023, made after a fact-finding hearing, finding that the father permanently neglected the subject child, and after a dispositional hearing, terminated the father's parental rights and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the father's parental rights to the subject child on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court found that the father permanently neglected the child, terminated his parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption.
"The granting of an adjournment rests in the sound discretion of the hearing court" (Matter of Sacks v Abraham, 114 AD3d 799, 800; see Matter of Jahnya [Cozbi C.—Camesha B.], 189 AD3d 824, 825). Contrary to the father's contention, under the circumstances, the Family Court did not improvidently exercise its discretion in denying his request for an adjournment of the fact-finding hearing, which the father made on the date of the hearing (see Matter of Ryan [Jessica D.—Timothy A.], 215 AD3d 857, 858; Matter of Samida v Samida, 116 AD3d 779, 780).
The petitioner established, by clear and convincing evidence, that the father permanently neglected the child (see Social Services Law § 384-b[7][a]), despite its diligent efforts to strengthen the parent-child relationship. Despite these efforts, the father failed to plan for the child's future, as he did not complete any of the required services (see Matter of S.E.M. [Elizabeth A.M.], 213 AD3d 667, 668). Accordingly, the Family Court properly found that the father permanently neglected the child.
Moreover, the evidence supported the Family Court's determination that it was in the best interests of the child to terminate the father's parental rights and free the child for adoption (see id. at 669; Family Ct Act § 631). Contrary to the father's contention, "a suspended judgment would not be in the best interests of the child, as such a disposition would only prolong the delay of stability and permanenc[y] in the child's life" (Matter of S.E.M. [Elizabeth A.M.], 213 AD3d at 669 [internal quotation marks omitted]).
DUFFY, J.P., CHRISTOPHER, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court