Matter of Orazio R. (Nanci P.) (2024 NY Slip Op 06049)

Matter of Orazio R. (Nanci P.)

2024 NY Slip Op 06049

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-03307
 (Docket No. B-2213-20)

[*1]In the Matter of Orazio R. (Anonymous). New York Foundling Hospital, respondent; Nanci P. (Anonymous), appellant.

Jill M. Zuccardy, New York, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for respondent.
Richard L. Herzfeld, New York, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated April 5, 2023. The order of fact-finding and disposition, after fact-finding and dispositional hearings, and upon an order of the same court dated March 10, 2023, denying the mother's motion to reopen the dispositional hearing, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child on the ground of permanent neglect. Following fact-finding and dispositional hearings, the mother moved to reopen the dispositional hearing. In an order dated March 10, 2023, the Family Court denied the mother's motion. By order of fact-finding and disposition dated April 5, 2023, the court found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.
"In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 680 [internal quotation marks omitted]; see Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 960). "Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although [*2]physically and financially able to do so" (Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 680; see Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 961). "A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733; see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 681).
Here, the petitioner established, by clear and convincing evidence, that the mother permanently neglected the child (see Social Services Law § 384-b[7][a]). Despite the petitioner's diligent efforts to strengthen the mother's relationship with the child, the mother failed to plan for the return of the child, as she did not complete all of the required services (see Matter of S.E.M. [Elizabeth A.M.], 213 AD3d 667, 668; Matter of Jamayla C.M. [Marcela A.C.], 163 AD3d 820, 821; Matter of David O.C., 57 AD3d 775, 776). Accordingly, the Family Court properly found that the mother permanently neglected the child.
At the dispositional stage of a proceeding to terminate parental rights, the court focuses solely on the best interests of the child, and there is no presumption that those interests will be served best by any particular disposition (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148). "The factors to be considered in making the determination include the [parent's] capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect" (Matter of William S.L. [Julio A.L.], 195 AD3d 839, 843 [internal quotation marks omitted]). At disposition, there is no presumption that the child's best interests will be served best by a return to the biological parent (see Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 955; Matter of Kasimir Lee D. [Jasmaine D.], 198 AD3d 754, 756).
The evidence adduced at the dispositional hearing established that the child was at risk of future neglect due to, inter alia, the mother's failure to meaningfully address her substance abuse issues (see Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 731; Matter of Jonathan B. [Linda S.], 84 AD3d 1078, 1080). Therefore, the Family Court properly determined that it was in the child's best interests to terminate the mother's parental rights and free the child for adoption.
The Family Court did not err in denying the mother's motion to reopen the dispositional hearing, as that motion was not supported by nonhearsay evidence relevant to the determination (see Matter of Alize Lee D. [April Veronica W.], 73 AD3d 767, 768; see also Matter of Cecile D. [Kassia D.], 189 AD3d 1036, 1039).
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court