Matter of Chiamaka B. O. (Stanley N. O.) (2025 NY Slip Op 00866)

Matter of Chiamaka B. O. (Stanley N. O.)

2025 NY Slip Op 00866

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-02506
2024-02512
2024-02513
 (Docket Nos. B-8128-19, B-8129-19, B-8130-19)

[*1]In the Matter of Chiamaka B. O. (Anonymous), etc. New York Foundling Hospital, petitioner-respondent;
and
Stanley N. O. (Anonymous), etc., appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Chioma G. O. (Anonymous), etc. New York Foundling Hospital, petitioner-respondent; Stanley N. O. (Anonymous), etc., appellant, et al., respondent. (Proceeding No. 2.) In the Matter of Stanley N. O. (Anonymous), etc. New York Foundling Hospital, petitioner-respondent; Stanley N. O. (Anonymous), etc., appellant, et al., respondent. (Proceeding No. 3.)

Paul B. Guttenberg, Bellerose, NY, for appellant.
Rosin Steinhagen Mendel, PLLC, New York, NY (Marion C. Perry of counsel), for petitioner-respondent.
Hector L. Santiago, Kew Gardens, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from three orders of fact-finding and disposition of the Family Court, Queens County (Margaret Morgan, J.) (one as to each child), all dated March 28, 2024. The orders of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the father permanently neglected the subject children, terminated his parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights to the subject children on the ground of [*2]permanent neglect. Following a fact-finding hearing, at which the father testified, the Family Court found that the petitioner established by clear and convincing evidence that the father permanently neglected the children. After a dispositional hearing, the court concluded that it was in the children's best interests to terminate the father's parental rights and free the children for adoption, terminated the father's parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The father appeals.
Initially, contrary to the contention of the attorney for the children, the father's failure to appear on certain dispositional hearing dates did not constitute a default. The father's attorney continued to participate in the proceedings on all of the dates on which the father failed to appear (see Matter of Zephaniah Z. [Charlene F.], 220 AD3d 800, 801; Matter of Amira W.H. [Tamara T.H.], 182 AD3d 547, 547).
"In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Orazio R. [Nanci P.], ___ AD3d ___, ___, 2024 NY Slip Op 06049, *1 [internal quotation marks omitted]; see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 680). "Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 953 [internal quotation marks omitted]; see Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733). "Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (Matter of Orazio R. [Nanci P.], ___ AD3d at ___, 2024 NY Slip Op 06049, *1-2 [internal quotation marks omitted]; see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 680). "[T]he planning requirement contemplates that the parent shall take such steps as are necessary to provide a home that is adequate and stable, under the financial circumstances existing, within a reasonable period of time" (Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d at 953 [internal quotation marks omitted]; see Matter of Shimon G. [Batsheva G.], 206 AD3d at 733).
"[I]n providing appropriate services to a parent, an agency need not guarantee that the parent succeed in overcoming his or her predicaments" (Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d at 953-954 [internal quotation marks omitted]; see Matter of Sheila G., 61 NY2d 368, 385). "Instead, [p]arents must themselves assume a measure of initiative and responsibility; they have a duty to plan for the future of their child" (Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d at 954 [internal quotation marks omitted]; see Matter of Jamie M., 63 NY2d 388, 393). Thus, "'[a] parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future'" (Matter of Orazio R. [Nanci P.], ___ AD3d at ___, 2024 NY Slip Op 06049, *2, quoting Matter of Shimon G. [Batsheva G.], 206 AD3d at 733; see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 681; Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 961).
Here, the petitioner met its burden of establishing that the father permanently neglected the children (see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 680; Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 961). Contrary to the father's contention, the petitioner demonstrated, by clear and convincing evidence, that it made diligent efforts to strengthen the parent-child relationship by, inter alia, forming a service plan that served the needs of the father, assisting him in his housing search, scheduling regular parental access between him and the children, and providing him with referrals to programs to complete his service plan (see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 680; Matter of S.E.M. [Elizabeth A.M.], 213 AD3d 667, 668). The record showed that despite the petitioner's diligent efforts, the father failed to plan for the return of the children since, among other things, he did not complete any required programs but for one, did not gain insight into the issues that led to the children's removal, and did not consistently attend parental access sessions (see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 680; Matter of S.E.M. [Elizabeth A.M.], 213 AD3d at 668).
Alternatively, the father contends that the Family Court should have granted him a suspended judgment. However, this contention is unpreserved for appellate review (see Matter of Mathew B.C. [Sue-Ann L.C.], 200 AD3d 689, 690; Matter of Hope J. [Fatima M.], 191 AD3d 673, 674) and, in any event, without merit. A suspended judgment was not appropriate since the father lacked insight into his problems and failed to address the issues that led to the children's removal and the finding of permanent neglect (see Matter of Jeremiah W.T. [Shaunta K.J.—William T.], 206 AD3d 662, 663; Matter of Mathew B.C. [Sue-Ann L.C.], 200 AD3d at 689).
The father's remaining contention is without merit.
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court