Matter of Victoria M. (Jonathan M.) (2020 NY Slip Op 06126)





Matter of Victoria M. (Jonathan M.)


2020 NY Slip Op 06126


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2019-04517
 (Docket No. B-7653-17)

[*1]In the Matter of Victoria M. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Jonathan M. (Anonymous), appellant, et al., respondent.


Carol Carozza, New Rochelle, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for petitioner-respondent.
Lisa F. Colin, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated February 6, 2019. The order, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated the father's parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption.
ORDERED that the order is affirmed, without costs or disbursements.
The subject child was removed from her parents' care and placed in the custody of the Commissioner of Social Services of Westchester County shortly after her birth (see Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 579). The Westchester County Department of Social Services (hereinafter the Agency) thereafter commenced this proceeding, inter alia, to terminate the parental rights of the father on the basis of permanent neglect. Following fact-finding and dispositional hearings, the Family Court found that the father permanently neglected the child, terminated the father's parental rights, and transferred guardianship and custody of the child to the Agency for the purpose of adoption. The father appeals.
To meet its burden of proof on the petition to terminate the father's parental rights, the Agency was required to show, by clear and convincing evidence, that, for a period of at least one year or 15 out of the most recent 22 months following the child's placement, the father failed to maintain contact with the child or, alternatively, to plan for the future of the child, although physically and financially able to do so, notwithstanding the Agency's diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[7][a]; Matter of Riyanna N.F. [Crystal M.S.—Angelica F.], 170 AD3d 1009, 1010). A parent is required to "maintain contact with the child and also realistically plan for her future," and "[a] default in performing either may support a finding of permanent neglect" (Matter of Star Leslie W., 63 NY2d 136, 142-143).
Here, the Agency demonstrated, first, that it made diligent efforts to encourage and strengthen the parental relationship (see id. at 142-143). The Agency made "suitable arrangements" [*2]for parental access between the father and the child and referred the father to an appropriate parenting organization, which modified its parenting curriculum to accommodate the father's disabilities (Social Services Law § 384-b[7][f]; see Matter of Riyanna N.F. [Crystal M.S.—Angelica F.], 170 AD3d at 1010-1011). The Agency further demonstrated that, despite these diligent efforts, although the father maintained contact with the child, he failed to plan for her future (see Social Services Law § 384-b[7][a]). In this respect, the father's "mere participation" in his parenting classes and supervised parental access "was not enough to meet the requirement to plan for the [child's] future when he did not benefit from the services[ ] . . . offered and did not utilize the tools or lessons learned in those classes in order to successfully plan for the [child's] future" (Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700). Accordingly, the Agency established by clear and convincing evidence that the father permanently neglected the child (see Social Services Law § 384-b[7][a]).
"Unlike a fact-finding hearing which resolves the issue of permanent neglect and in which the best interests of the child play no part in the court's determination, the court in the dispositional hearing must be concerned only with the best interests of the child" (Matter of Star Leslie W., 63 NY2d at 147; see Family Ct Act § 631). "There is no presumption that those interests will be served best by return to the parent" (Matter of Star Leslie W., 63 NY2d at 147-148; see Family Ct Act § 631). Here, we agree with the Family Court's determination that it was in the child's best interests for the father's parental rights to be terminated and the child freed for adoption. The child had been with the same foster family since she was just over a month old. The foster parents adopted the child's older brother, and the child had a positive and loving relationship both with her biological brother and with her foster family. In contrast, the evidence showed that the father had failed to progress in his parenting and was unprepared to care for the child. Accordingly, it was in the child's best interests for the father's parental rights to be terminated and the child freed for adoption (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d at 148).
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court