Matter of Mark M. L. (Shantia B.) (2022 NY Slip Op 06805)

Matter of Mark M. L. (Shantia B.)

2022 NY Slip Op 06805

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-04172
 (Docket No. B-10716-19)

[*1]In the Matter of Mark M. L. (Anonymous), Jr. SCO Family of Services, respondent;
and
Shantia B. (Anonymous), appellant.

Salvatore C. Adamo, New York, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated April 7, 2021. The order, upon a decision of the same court (Diane Costanzo, J.) dated December 12, 2019, made after a fact-finding hearing, finding that the mother permanently neglected the subject child, after a dispositional hearing, and upon the mother's failure to appear at the dispositional hearing, terminated the mother's parental rights and transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the appeal from the order is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest (see CPLR 5511; Matter of Justyn H. [Laverne H.], 191 AD3d 876); and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
Since the order appealed from was made upon the mother's default, review is limited to matters which were the subject of contest in the Family Court (see Matter of Justyn H. [Laverne H.], 191 AD3d 876). Accordingly, review is limited to the court's finding that the mother permanently neglected the subject child.
The petitioner commenced this proceeding pursuant to Social Services Law § 384 to terminate the mother's parental rights to the subject child on the ground of permanent neglect. Following a fact-finding hearing, the Family Court found that the petitioner met its burden of demonstrating it had made diligent efforts to assist the mother "in addressing the issues that hindered the parental relationship and resulted in the removal of [the child] from her care." The court further found that the mother permanently neglected the child. At the subsequent dispositional hearing, the mother failed to appear, and the court proceeded in her absence without the participation of her [*2]attorney. In an order dated April 7, 2021, the court terminated the mother's parental rights and freed the child for adoption. The mother appeals.
As an initial matter, we reject the contentions of both the petitioner and the attorney for the child that the appeal should be dismissed as untimely taken. We note that neither moved to dismiss the appeal on this ground. In any event, there is no evidence in the record of when the order with notice of entry was served upon the mother (see Family Ct Act § 1113; Greenberg v Meyreles, 155 AD3d 1001, 1003; see also Ross v Ross Metals Corp., 111 AD3d 695, 697; Zapata v County of Suffolk, 23 AD3d 553, 554).
Contrary to the mother's contentions, the petitioner established, by clear and convincing evidence, that it exercised diligent efforts to encourage and strengthen the parental relationship between the mother and the child (see Social Services Law §§ 384-b[3][g][i], [7][a]; Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723, 725; Matter of Kira J. [Lakisha J.], 108 AD3d 541, 541). "A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733; see Matter of Joshua E.R. [Yolaine R.], 123 AD3d at 726). Here, the record reflects that despite the petitioner's efforts, the mother failed to plan for the return of the child. The mother's mere participation in anger management and parenting classes was insufficient to meet the requirement to plan for the child's future since she failed to gain insight into the issues that caused the removal of the child, failed to benefit from the services offered, and did not utilize the tools or lessons learned in those classes in order to successfully plan for the child's future (see Matter of Victoria M. [Jonathan M.], 187 AD3d 1188; see also Matter of Jaaliyah M.R.E. [Jennifer A.], 188 AD3d 673, 674; Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700).
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court