Matter of Alonso S. C. O. (Angela O. M.) (2022 NY Slip Op 07237)

Matter of Alonso S. C. O. (Angela O. M.)

2022 NY Slip Op 07237

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-04333 
2021-04335
 (Docket Nos. B-3426-18, B-3428-18)

[*1]In the Matter of Alonso S. C. O. (Anonymous). Coalition for Hispanic Family Services, respondent; Angela O. M. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Monserrath S. O. (Anonymous). Coalition for Hispanic Family Services, respondent; Angela O. M. (Anonymous), appellant. (Proceeding No. 2.)

Ross & Asmar, LLC, New York, NY (Eric Dawson of counsel), for appellant.
Geoffrey P. Berman, Larchmont, NY, for respondent.
Todd D. Kadish, Great Neck, NY, attorney for the child Alonso S. C. O.
Twyla Carter, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child Monserrath S. O.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Elizabeth Barnett, J.) (one as to each child), both dated May 27, 2021. The orders of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the appeal from so much of the order of fact-finding and disposition relating to the child Monserrath S. O. as terminated the mother's parental rights and transferred custody and guardianship of the child Monserrath S. O. to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition relating to the child Monserrath S. O. is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition relating to the child Alonso [*2]S. C. O. is affirmed, without costs or disbursements.
The Coalition for Hispanic Family Services (hereinafter the agency) commenced these proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights as to the subject children on the ground that she had permanently neglected them. Following fact-finding and dispositional hearings, the Family Court found that the mother had permanently neglected the subject children and terminated her parental rights. The mother appeals.
The appeal from so much of the order of fact-finding and disposition relating to the child Monserrath S. O. as terminated the mother's parental rights and transferred guardianship and custody of that child for the purpose of adoption must be dismissed as academic, as that child has since reached the age of 18 (see Matter of Marthina S.J.Z.H.-B.R. [Calvin R.], 198 AD3d 655, 657).
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733 [internal quotation marks omitted]). "Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (id. at 733 [internal quotation marks omitted]). "Once the petitioner establishes that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (id. [internal quotation marks omitted]). "[T]he planning requirement contemplates that the parent shall take such steps as are necessary to provide a home that is adequate and stable, under the financial circumstances existing, within a reasonable period of time" (id. [internal quotation marks omitted]). "Good faith alone is not enough: the plan must be realistic and feasible" (id. [internal quotation marks omitted]). "[I]n providing appropriate services to a parent, an agency need not guarantee that the parent succeed in overcoming his or her predicaments" (Matter of William S.L. [Julio A.L.], 195 AD3d 839, 842 [internal quotation marks omitted]). "Instead, [p]arents must themselves assume a measure of initiative and responsibility; they have a duty to plan for the future of their child" (id. at 842 [internal quotation marks omitted]). Thus, "[a] parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Shimon G. [Batsheva G.], 206 AD3d at 733; see Matter of Elizabeth E.H. [Camille M.M.], 196 AD3d 578, 580; Matter of Jayda M.L. [Diane L.], 182 AD3d 601, 602).
Here, the agency met its burden of establishing that the mother had permanently neglected the subject children (see Matter of Shimon G. [Batsheva G.], 206 AD3d at 733). As a threshold matter, the agency established that it had made "diligent efforts to encourage and strengthen the parent-child relationship" (id. [internal quotation marks omitted]). The agency demonstrated that it had contacted the mental health program that the mother stated she found and attended on her own, provided her with referrals for mental health treatment at other programs, and explained to her that mental health treatment was part of her service plan. The agency had regularly discussed the possibility of parental access with the older child, supervised the mother's parental access with the younger child, and provided the mother with constructive feedback when she made negative comments about the older child to the younger child. The agency made weekly attempts to visit the mother's home and informed the mother of safety issues that were observed during home visits. Further, the agency asked the mother for documentation of her income and provided her with employment referrals. Contrary to the mother's contentions, the evidence demonstrated that the agency made referrals in a timely manner and that the agency facilitated and supported parental access in a manner that was suitable under the circumstances of this case (see id.). Moreover, the agency established that the mother had failed to plan for the children's futures, as she only partially complied with her service plan and failed to gain insight into the issues that led to the children's removal. The evidence at the fact-finding hearing demonstrated, inter alia, that the mother had not completed mental health treatment and that she continued to blame one of the children for the removal of the children from the mother's custody. Accordingly, the Family Court correctly found [*3]that the mother permanently neglected the children.
"After a dispositional hearing on a petition to terminate parental rights, a court may dismiss the petition, terminate parental rights and commit guardianship to the agency, or suspend judgment for a period of up to one year" (Matter of Malazah W. [Antoinette W.], 206 AD3d 1003, 1004 [internal quotation marks omitted]). "At the dispositional stage of a proceeding to terminate parental rights, the court focuses solely on the best interests of the child" (Matter of William S.L. [Julio A.L.], 195 AD3d at 843 [internal quotation marks omitted]). "The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect" (id. [internal quotation marks omitted]). "At disposition, [t]here is no presumption that those interests will be served best by a return to the biological parent" (id. [internal quotation marks omitted]). "A suspended judgment is permitted only where the court determines that such disposition is in the child's best interests" (Matter of Malazah W. [Antoinette W.], 206 AD3d at 1004). "To warrant a suspended judgment, a parent must demonstrate progress in overcoming their problems" (id.). "Mere attempts are not sufficient" (id. at 1005 [internal quotation marks omitted]).
Here, the Family Court correctly determined that it was in the best interests of the younger child to terminate the mother's parental rights and transfer guardianship and custody of that child for the purpose of adoption (see Matter of William S.L. [Julio A.L.], 195 AD3d at 843). At the time of the dispositional hearing, the mother had not had contact with the younger child for more than three years, the child did not want to return to the mother's care or to have contact with the mother, and the child was in a stable, pre-adoptive foster home. Moreover, a suspended judgment was not warranted, as the mother had not demonstrated progress in overcoming the issues that led to the removal of that child (see Matter of Malazah W. [Antoinette W.], 206 AD3d at 1004-1005). Accordingly, the Family Court properly determined that it was in the best interests of the younger child to terminate the mother's parental rights and transfer guardianship and custody of that child for the purpose of adoption.
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court