Matter of Anthony A.R. (Taicha M.P.) (2025 NY Slip Op 00100)

Matter of Anthony A.R. (Taicha M.P.)

2025 NY Slip Op 00100

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-06713
2022-06714
2022-06715
 (Docket Nos. B-24689-19, B-24700-19, B-24704-19)

[*1]In the Matter of Anthony A. R. (Anonymous), Jr. Graham Windham, respondent; Taicha M. P. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Destiny U. R. (Anonymous). Graham Windham, respondent; Taicha M. P. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Eternity M. R. (Anonymous). Graham Windham, respondent; Taicha M. P. (Anonymous), appellant. (Proceeding No. 3)

Center for Family Representation, Inc., New York, NY (Michele Cortese, Tehra Coles, and Emily S. Wall of counsel), for appellant.
The Law Offices of James Cortazzo, P.C., Mineola, NY (Dwight A. Kennedy of counsel), for respondent.
Olga J. Rodriguez, Forest Hills, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from three orders of fact-finding and disposition of the Family Court, Queens County (Joan L. Piccirillo, J.) (one as to each child), each dated July 19, 2022. The orders of fact-finding and disposition, made after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated the mother's parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject children on the ground of permanent neglect. Following fact-finding and dispositional hearings, the Family Court found that the petitioner [*2]established by clear and convincing evidence that the mother had permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
"'When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship'" (Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 953, quoting Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733). "Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d at 953 [internal quotation marks omitted]). "Once the petitioner establishes that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (id. [internal quotation marks omitted]). "[T]he planning requirement contemplates that the parent shall take such steps as are necessary to provide a home that is adequate and stable, under the financial circumstances existing, within a reasonable period of time" (id. [internal quotation marks omitted]).
However, in providing appropriate services to a parent, a petitioner need not "guarantee that the parent succeed in overcoming his or her predicaments" (Matter of Sheila G., 61 NY2d 368, 385; see Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d at 953-954). Instead, "[p]arents must themselves assume a measure of initiative and responsibility; they have a duty to plan for the future of their child" (Matter of Jamie M., 63 NY2d 388, 393; see Matter of Star Leslie W., 63 NY2d 136, 143). Moreover, a parent's "mere participation in classes and programs [is] not enough to meet the requirement to plan for the children's future when he [or she does] not benefit from the services, programs, and support offered and [does] not utilize the tools or lessons learned in those classes in order to successfully plan for the children's future" (Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700; see Matter of Aniya L. [Samantha L.], 124 AD3d 1001, 1004).
Here, the petitioner established, by clear and convincing evidence, that the mother permanently neglected the children (see Social Services Law § 384-b[7][a]; Matter of Shimon G. [Batsheva G.], 206 AD3d at 733). As a threshold matter, contrary to the mother's contention, the petitioner established that it had made "diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Shimon G. [Batsheva G.], 206 AD3d at 733 [internal quotation marks omitted]). The record demonstrates that the petitioner facilitated the mother's supervised parental access sessions with the children and implemented a coach to assist her with having more successful sessions, which often became volatile. The petitioner referred the mother to parenting and domestic violence programs, provided her with family care supportive services, referred the mother to mental health services, and encouraged her to attend therapy in order to enable her to care for her children. The petitioner also conducted service plan reviews and family team conferences. Contrary to the mother's contention, the petitioner's efforts to facilitate therapeutic parental access and family therapy were suitable under the circumstances of this case. Although the petitioner offered the mother an opportunity to engage in collateral therapy with the children's mental health provider, she refused to participate unless the provider was changed, notwithstanding that the children's therapist noted that such a change would be detrimental to the children's mental health.
Further, the petitioner established that despite its efforts, and notwithstanding the services completed by the mother, the mother failed to plan for the return of the children as she failed to gain insight into the issues that caused the children's removal and were preventing their return to her care (see Matter of Scott I.R. [Jennifer M.I.], 180 AD3d 686, 687; Matter of Tymel P. [Tyrone P.], 157 AD3d at 700). The evidence showed that the mother did not understand why the children had been removed and that she failed to acknowledge how her actions led to the underlying neglect proceeding and removal. The mother continued to blame others for her separation from the children and did not benefit from the services, programs, and support offered and did not utilize the tools or lessons learned (see Matter of Shimon G. [Batsheva G.], 206 AD3d at 734; Matter of Tymel P. [*3][Tyrone P.], 157 AD3d at 700). Contrary to the mother's further contentions, there is no evidence in the record that would support the inference that the foster parents or the petitioner deliberately undermined any measures towards reunification (see Matter of Sean P.H. [Rosemarie H.], 122 AD3d 850, 851).
Accordingly, the Family Court properly found that the mother permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
BARROS, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court