Matter of Hanah A. (Isshak A.) (2025 NY Slip Op 03187)

Matter of Hanah A. (Isshak A.)

2025 NY Slip Op 03187

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-03735
2025-01636
 (Docket Nos. B-5519-22, B-5520-22)

[*1]In the Matter of Hanah A. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Isshak A. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Rahim A. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Isshak A. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)

Alex Smith, Middletown, NY, for appellant.
Richard B. Golden, County Attorney, Goshen, NY (Linda P. DaSilva of counsel), for petitioner-respondent.
Steven P. Forbes, Huntington, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from (1) an order of fact-finding of the Family Court, Orange County (Victoria B. Campbell, J.), dated April 15, 2024, and (2) an order of disposition of the same court also dated April 15, 2024. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the father permanently neglected the subject children. The order of disposition, insofar as appealed from, upon the order of fact-finding and after a dispositional hearing, terminated the father's parental rights and transferred custody and guardianship of the subject children to the Orange County Department of Social Services for the purpose of adoption.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights on the ground of permanent neglect. Following a fact-finding hearing, the Family Court found, among other things, that the father permanently [*2]neglected the subject children. Following a dispositional hearing, the court, inter alia, terminated the father's parental rights and transferred custody and guardianship of the children to the petitioner for the purpose of adoption. The father appeals.
"In a proceeding to terminate parental rights on the ground of permanent neglect, the agency must demonstrate 'by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship'" (Matter of Ella Elizabeth V. [Reginald P.], 234 AD3d 703, 704 [internal quotation marks omitted], quoting Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 960; see Social Services Law § 384-b[7][a]). "'Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development'" (Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 953, quoting Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733). "Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (Matter of Ella Elizabeth V. [Reginald P.], 234 AD3d at 704). "A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Shimon G. [Batsheva G.], 206 AD3d at 733; see e.g. Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 681; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 731).
Here, the petitioner met its burden of establishing that the father permanently neglected the children. Contrary to the father's contention, the petitioner demonstrated that it made diligent efforts to strengthen the father's parental relationship with the children, including attempting to schedule parental access, offering mental health counseling to the father, providing him with monthly updates as to the status of the children, and attempting to schedule meetings to help the father plan for the children's future. Despite these efforts, the father failed to maintain contact with the children during the relevant time frame and further failed to complete his service plan (see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 681).
"At the dispositional stage of a proceeding to terminate parental rights, the court focuses solely on the best interests of the child, and there is no presumption that those interests will be served best by any particular disposition" (Matter of Orazio R. [Nanci P.], 233 AD3d 689, 691, citing Family Ct Act § 631; see Matter of Star Leslie W., 63 NY2d 136, 147-148). "'The factors to be considered in making the determination include the [parent's] capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect'" (Matter of Orazio R. [Nanci P.], 233 AD3d at 691, quoting Matter of William S.L. [Julio A.L.], 195 AD3d 839, 843). "At disposition, '[t]here is no presumption that those interests will be served best by a return to the biological parent'" (Matter of William S.L. [Julio A.L.], 195 AD3d at 843, quoting Matter of Aliah M.J.-N. [Candice J.—Anna J.], 182 AD3d 557, 559).
Here, the evidence adduced at the dispositional hearing demonstrated that the father lacked capacity and willingness to properly supervise the children, to communicate with the children or the petitioner, or to resolve the issues that led to the removal of the children five years prior. Furthermore, the children had been in foster care for five years, the majority of their lives, at the time of the hearing. Therefore, the Family Court properly determined that it was in the children's best interests to terminate the father's parental rights and free the children for adoption (see Matter of Orazio R. [Nanci P.], 233 AD3d at 691).
The father's remaining contentions are without merit.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court