Matter of Asia M.A. (Nia H.) (2025 NY Slip Op 03186)

Matter of Asia M.A. (Nia H.)

2025 NY Slip Op 03186

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2024-03617
2024-03619
 (Docket Nos. B-6314-21, B-6315-21)

[*1]In the Matter of Asia M. A. (Anonymous). Good Shepherd Services, respondent; Nia H. (Anonymous), et al., appellants. (Proceeding No. 1)
In the Matter of Elizabeth A. D. (Anonymous). Good Shepherd Services, respondent; Nia H. (Anonymous), et al., appellants. (Proceeding No. 2) 

Larry S. Bachner, New York, NY, for appellant Nia H.
David Laniado, Cedarhurst, NY, for appellant Joseph D.
Geoffrey P. Berman, Larchmont, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals, and the father separately appeals, from two orders of fact-finding and disposition of the Family Court, Kings County (Robert D. Hettleman, J.) (one as to each child), both dated March 6, 2024. The orders of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother and the father permanently neglected the subject children, terminated their parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the mother and the father to the subject children on the ground of permanent neglect. Following fact-finding and dispositional hearings, the Family Court found that the mother and the father permanently neglected the children, terminated their parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother and the father separately appeal.
"'In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship'" (Matter of Chiamaka B.O. [Stanley N.O.], 235 AD3d 759, 760, quoting Matter of Orazio R. [Nanci P.], 233 AD3d 689, 690). "'Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development'" (id., quoting Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 953). "'Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so'" (id., quoting Matter of Orazio R. [Nanci P.], 233 AD3d at 690). "'[T]he planning requirement contemplates that the parent shall take such steps as are necessary to provide a home that is adequate and stable, under the financial circumstances existing, within a reasonable period of time'" (id., quoting Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d at 953).
"'[I]n providing appropriate services to a parent, an agency need not guarantee that the parent succeed in overcoming his or her predicaments'" (id., quoting Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d at 953-954; see Matter of Sheila G., 61 NY2d 368, 385). "'Instead, [p]arents must themselves assume a measure of initiative and responsibility; they have a duty to plan for the future of their child'" (Matter of Chiamaka B.O. [Stanley N.O.], 235 AD3d at 760, quoting Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d at 954; see Matter of Jamie M., 63 NY2d 388, 393). "Thus, [a] parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Chiamaka B.O. [Stanley N.O.], 235 AD3d at 761 [internal quotation marks omitted]; see Matter of Orazio R. [Nanci P.], 233 AD3d at 691; Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733).
Here, the petitioner met its burden of establishing that the mother and the father permanently neglected the children (see Matter of Chiamaka B.O. [Stanley N.O.], 235 AD3d at 761; Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 680; Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 961). Contrary to the parents' contentions, the petitioner demonstrated, by clear and convincing evidence, that it made diligent efforts to strengthen each parent's relationship with the children by, inter alia, formulating service plans that served the needs of each parent, offering assistance with housing to the mother, scheduling regular parental access between the parents and the children, and providing the parents with referrals to programs to complete their service plans (see Matter of Chiamaka B.O. [Stanley N.O.], 235 AD3d at 761; Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 680). The record shows that despite the petitioner's diligent efforts, the parents failed to plan for the return of the children since, among other things, they did not engage with their respective service plans, did not gain insight into the issues that led to the children's removal, and did not consistently attend parental access sessions (see Matter of Chiamaka B.O. [Stanley N.O.], 235 AD3d at 761; Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 680).
"'[A]t the . . . dispositional hearing the court must consider only the best interests of the child involved'" (Matter of Jeremiah W.T. [Shaunta K.J.—William T.], 206 AD3d 662, 663, quoting Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430; see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148). "A dispositional order suspending judgment provides a brief grace period to give a parent found to have permanently neglected a child a second chance to prepare for reunification with the child" (Matter of Jeremiah W.T. [Shaunta K.J.—William T.], 206 AD3d at 663; see Family Ct Act § 633; Matter of Michael B., 80 NY2d 299, 311; Matter of Adam M.D. [Victoria M.C.], 170 AD3d 1006, 1007 ). "A suspended judgment is permitted only where the court determines that such disposition is in the child's best interests" (Matter of Jeremiah W.T. [Shaunta K.J.—William T.], 206 AD3d at 664; see Matter of Michael B., 80 NY2d at 311; Matter of Adam M.D. [Victoria M.C.], 170 AD3d at 1007).
Here, the Family Court properly determined that it was in the children's best interests to terminate the parental rights of the mother and the father and that a suspended judgment was not [*2]appropriate since the parents lacked insight into their problems and failed to address the issues that led to the children's removal and the finding of permanent neglect (see Matter of Chiamaka B.O. [Stanley N.O.], 235 AD3d at 761; Matter of Jeremiah W.T. [Shaunta K.J.—William T.], 206 AD3d at 664).
The parents' remaining contentions are unpreserved for appellate review and, in any event, without merit.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court