Matter of Kalebh-Xavier X.O. (Jessica-Maria M.) (2025 NY Slip Op 04180)

Matter of Kalebh-Xavier X.O. (Jessica-Maria M.)

2025 NY Slip Op 04180

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-00507
 (Docket No. B-793-23)

[*1]In the Matter of Kalebh-Xavier X. O. (Anonymous). Abbott House, petitioner-respondent; Jessica-Maria M. (Anonymous), appellant, et al., respondent.

Warren S. Hecht, Forest Hills, NY, for appellant.
John R. Eyerman, New York, NY, for petitioner-respondent.
Daniel P. Moskowitz, Jamaica, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Richmond County (Peter DeLizzo, J.), dated November 9, 2023. The order of fact-finding and disposition, after fact-finding and dispositional hearings, and upon the mother's failure to appear at the continued dispositional hearing, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the appeal from the order of fact-finding and disposition is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest (see CPLR 5511; Matter of Mark M.L. [Shantia B.], 210 AD3d 1093, 1093); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject child on the ground of permanent neglect. After a fact-finding hearing, the Family Court found that the petitioner met its burden of proving permanent neglect. At the dispositional hearing, after the petitioner rested on the first day of the hearing, the mother, who was proceeding pro se, failed to appear on the next scheduled date, and the court concluded the hearing. Subsequently, the court, in an order of fact-finding and disposition, among other things, found that the mother permanently neglected the child, terminated the mother's parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.
Since the order of fact-finding and disposition was made upon the mother's default, [*2]review is limited to matters that were the subject of contest in the Family Court (see Matter of Destiny F.S.J. [Elio F.S.], 221 AD3d 602, 603; Matter of Mark M.L. [Shantia B.], 210 AD3d 1093, 1093). The Family Court's failure to adjourn the continued dispositional hearing was not a subject of contest below (see Matter of Aurora B. [Eric H.], 212 AD3d 806, 808). Accordingly, review is limited to the court's finding that the mother permanently neglected the child.
"In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Ryder S.R. [Shaquana R.], 236 AD3d 1045, 1046 [internal quotation marks omitted]; see Social Services Law § 384-b[3][g][i]; [4][d]; [7][a], [f]). "Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so" (Matter of Jack T. [Carmen H.], 234 AD3d 782, 783 [internal quotation marks omitted]; see Social Services Law § 384-b[3][g][i]; [7][a]). "A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733; see Matter of Jack T. [Carmen H.], 234 AD3d at 783).
Here, the petitioner met its burden of establishing by clear and convincing evidence that the mother permanently neglected the child, in that, for a period of more than one year following the child's placement with the petitioner, the mother failed to plan for the child's future despite the petitioner's diligent efforts to strengthen and encourage the parent-child relationship (see Social Services Law § 384-b[3][g][i]; [7][a]; Matter of Jaaliyah M.R.E. [Jennifer A.], 188 AD3d 673, 673). Contrary to the mother's contention, the petitioner demonstrated that it made diligent efforts to strengthen the parent-child relationship by, inter alia, developing a service plan that served the needs of the mother, scheduling regular parental access between the mother and the child, and providing referrals to programs and treatment for the mother (see Matter of Remi-Radell J.C.-G. [Shamica M.C.], 226 AD3d 772, 773; Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 961). Despite the petitioner's diligent efforts, the mother failed to plan for the child's future, as she only partially complied with her service plan and failed to gain insight into the issues that led to the child's removal from her care (see Matter of Camila G.C. [Matthew C.], 229 AD3d 461, 461; Matter of Shimon G. [Batsheva G.], 206 AD3d at 733).
Accordingly, the Family Court properly found that the mother permanently neglected the child.
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court