Matter of Khaliq William S. (Khaliq William S.) (2026 NY Slip Op 01792)

Matter of Khaliq William S. (Khaliq William S.)

2026 NY Slip Op 01792

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2025-01514
 (Docket No. B-22074-19)

[*1]In the Matter of Khaliq William S. (Anonymous), Jr. SCO Family of Services, respondent; Khaliq William S. (Anonymous), Sr., appellant.

Warren S. Hecht, Forest Hills, NY, for appellant.
Leventhal Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Terrence J. Worms, Flushing, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Emily Ruben, J.), dated December 19, 2024. The order of fact-finding and disposition, after fact-finding and dispositional hearings, upon a decision of the same court dated September 4, 2024, and upon an order of fact-finding of the same court dated October 18, 2023, found that the father permanently neglected the subject child, terminated the father's parental rights, and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner, SCO Family of Services (hereinafter the agency), commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the parental rights of the father on the ground of permanent neglect. Following fact-finding and dispositional hearings, at which the father testified, the Family Court determined, among other things, that the agency established by clear and convincing evidence that the father permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The father appeals.
"In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Dynasty S.G. [Paula G.], 228 AD3d 657, 658 [internal quotation marks omitted]; see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 680). Diligent efforts include making referrals for counseling and classes, discussing the service plan with the parent and emphasizing the importance of complying [*2]with it, scheduling and supervising parental visitations, and providing assistance to the parents to resolve the problems preventing the child's discharge (see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 681; Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d 1078, 1079). "Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (Matter of Dynasty S.G. [Paula G.], 228 AD3d at 658 [internal quotation marks omitted]; see Matter of Orazio R. [Nanci P.], 233 AD3d 689, 690). "[P]arents must themselves assume a measure of initiative and responsibility; they have a duty to plan for the future of their child" (Matter of Chiamaka B.O. [Stanley N.O.], 235 AD3d 759, 760 [internal quotation marks omitted]). "A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 961 [internal quotation marks omitted]).
Here, contrary to the father's contentions, the agency demonstrated, by clear and convincing evidence, that it made diligent efforts to strengthen the parent-child relationship by forming a service plan that served the father's needs, providing him with referrals for those services, and scheduling regular parental access with the child (see Matter of Anthony A.R. [Taicha M.P.], 234 AD3d 696, 696; Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 954).
The record supports the Family Court's determination that the father permanently neglected the child by failing to plan for the child's return (see Matter of Ryder S.R. [Shaquana R.], 236 AD3d 1045, 1046; Matter of Christopher C. [Sonia C.], 235 AD3d 865, 867).
"[A]t the . . . dispositional hearing the court must consider only the best interests of the child involved" (Matter of Jeremiah W.T. [Shaunta K.J.—William T.], 206 AD3d 662, 663 [internal quotation marks omitted]).
Contrary to the father's contention, a suspended judgment was not in the child's best interests (see Matter of Jasiah T.-V.S.J. [Joshua W.—Shatesse J.], 166 AD3d 876, 878-879; Matter of Charle C.E. [Chiedu E.], 129 AD3d 721, 722). Under the circumstances, a suspended judgment "would serve only to prolong the delay of stability and permanence in the child's living situation" (Matter of Aliah M.J.-N. [Candice J.—Anna J.], 182 AD3d 557, 560).
DUFFY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court