Matter of Gianna H. (Naliesha H.) (2026 NY Slip Op 01787)

Matter of Gianna H. (Naliesha H.)

2026 NY Slip Op 01787

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
SUSAN QUIRK, JJ.

2025-02993
 (Docket No. B-12001-23)

[*1]In the Matter of Gianna H. (Anonymous). Little Flower Children and Family Services of New York, petitioner-respondent; 
andNaliesha H. (Anonymous), appellant, et al., respondent.

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Leventhal Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Joan Piccirillo, J.), dated January 24, 2025. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject child on the ground of permanent neglect. Following fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the child, terminated the mother's parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
"'When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship'" (Matter of Benz G. [Nadia B.], 241 AD3d 684, 685 [internal quotation marks omitted], quoting Matter of Christopher C. [Sonia C.], 235 AD3d 865, 866; see Matter of Naijah-S.G.B. [Thomas X.B.], 230 AD3d 1314, 1314). "'Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development'" (Matter of Asia M.A. [Nia H.], 238 AD3d 1135, 1136 [internal quotation marks [*2]omitted], quoting Matter of Chiamaka B.O. [Stanley N.O.], 235 AD3d 759, 760; see Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 953). "'However, in providing appropriate services to a parent, an agency need not guarantee that the parent succeed in overcoming his or her predicaments'" (Matter of Benz G. [Nadia B.], 241 AD3d at 685 [internal quotation marks omitted], quoting Matter of Christopher C. [Sonia C.], 235 AD3d at 866-867; see Matter of William S.L. [Julio A.L.], 195 AD3d 839, 842). "'An agency that has exercised diligent efforts but is faced with an uncooperative parent is deemed to have fulfilled its statutory obligations'" (Matter of Benz G. [Nadia B.], 241 AD3d at 685, quoting Matter of Zechariah J. [Valrick J.], 84 AD3d 1087, 1087).
"Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so" (Matter of Kalebh-Xavier X.O. [Jessica-Maria M.], 240 AD3d 696, 698 [internal quotation marks omitted]; see Social Services Law § 384-b[3][g][i]; [4][d]; [7][a], [f]; Matter of Ryder S.R. [Shaquana R.], 236 AD3d 1045, 1046). "'[P]arents must themselves assume a measure of initiative and responsibility; they have a duty to plan for the future of their child'" (Matter of Chiamaka B.O. [Stanley N.O.], 235 AD3d at 760, quoting Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d at 954). "A parent's 'mere participation in [classes and programs is] insufficient to meet the requirement to plan for the child's future [when the parent] failed to benefit from the services[, programs, and support] offered, and did not utilize the tools or lessons learned in those classes in order to successfully plan for the child's future'" (Matter of Ahking-Tyheem C.J. [Letitia M.E.], 238 AD3d 754, 756, quoting Matter of Mark M.L. [Shantia B.], 210 AD3d 1093, 1094). "'The credibility findings of the Family Court should be accorded great deference, as it [has] direct access to the parties and [is] in the best position to evaluate their testimony, character, and sincerity'" (Matter of Benz G. [Nadia B.], 241 AD3d at 686 [internal quotation marks omitted], quoting Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 726; see Matter of Derrick D.A. [Shavonna L.L.D.], 134 AD3d 928, 929).
Here, the petitioner established, by clear and convincing evidence, that the mother permanently neglected the child (see Social Services Law § 384-b). As a threshold matter, the petitioner established that it made diligent efforts to encourage and strengthen the parent-child relationship (see Matter of Ahking-Tyheem C.J. [Letitia M.E.], 238 AD3d at 756; Matter of Messiah S.E. [Micquella E.], 237 AD3d 698, 700; Matter of Christopher C. [Sonia C.], 235 AD3d at 867; Matter of Anthony A.R. [Taicha M.P.], 234 AD3d 696, 698).
Further, the petitioner established that despite its efforts, and notwithstanding the services completed by the mother, the mother failed to plan for the return of the child, as she failed to gain insight into the issues that were preventing the child's return to her care (see Matter of Ahking-Tyheem C.J. [Letitia M.E.], 238 AD3d at 756; Matter of Christopher C. [Sonia C.], 235 AD3d at 867; Matter of Anthony A.R. [Taicha M.P.], 234 AD3d at 698; Matter of Mark M.L. [Shantia B.], 210 AD3d at 1094). Contrary to the mother's contentions, the petitioner was not required to establish that her actions placed the child in imminent danger of becoming impaired or that her actions in failing to plan for the child's future had a nexus to the basis for the child's initial removal from her care (see Social Services Law § 384-b[7][a]). The mother also failed to consistently attend in-person parental access with the child and missed nearly all of her virtual parental access sessions (Matter of Ahking-Tyheem C.J. [Letitia M.E.], 238 AD3d at 756; Matter of Messiah S.E. [Micquella E.], 237 AD3d at 700; Matter of Mathew B.C. [Sue-Ann L.C.], 200 AD3d 689, 690).
"'[A]t the . . . dispositional hearing the court must consider only the best interests of the child involved'" (Matter of Asia M.A. [Nia H.], 238 AD3d at 1137 [internal quotation marks omitted], quoting Matter of Jeremiah W.T. [Shaunta K.J.—William T.], 206 AD3d 662, 663; see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430). "'The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect'" (Matter of Christopher C. [Sonia C.], 235 AD3d at 868, quoting Matter of Jaheem M. [Cymon M.], 174 AD3d 610, 611). "At [*3]disposition, there is no presumption that the child's best interests will be served best by a return to the biological parent" (Matter of Camila G.C. [Matthew C.], 229 AD3d 461, 462; see Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d at 955). "'A dispositional order suspending judgment provides a brief grace period to give a parent found to have permanently neglected a child a second chance to prepare for reunification with the child'" (Matter of Ahking-Tyheem C.J. [Letitia M.E.], 238 AD3d at 757, quoting Matter of Jeremiah W.T. [Shaunta K.J.—William T.], 206 AD3d at 663). "'A suspended judgment is permitted only where the court determines that such disposition is in the child's best interests'" (Matter of Asia M.A. [Nia H.], 238 AD3d at 1137, quoting Matter of Jeremiah W.T. [Shaunta K.J.—William T.], 206 AD3d at 664).
The evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the best interests of the child. Contrary to the mother's contention, a suspended judgment was not appropriate because the mother lacked insight into her problems (see Matter of Benz G. [Nadia B.], 241 AD3d at 687; Matter of Asia M.A. [Nia H.], 238 AD3d at 1137; Matter of Camila G.C. [Matthew C.], 229 AD3d at 462; Matter of Jeremiah W.T. [Shaunta K.J.—William T.], 206 AD3d at 664). A suspended judgment was also inappropriate in light of the mother's continued failure to consistently attend parental access sessions (see Matter of Keylin D.C.D. [Maria S.], 239 AD3d 849, 850; Matter of Ruth C. [Jaslene C.], 226 AD3d 677, 679-680). Under these circumstances, a suspended judgment would not be in the child's best interests because such a disposition "would only prolong the delay of stability and permanence in [the child's] living situation" (Matter of Ella Elizabeth V. [Reginald P.], 234 AD3d 703, 705; see Matter of Keylin D.C.D. [Maria S.], 239 AD3d at 850; Matter of Christian M.L. [Christopher M.L.], 238 AD3d 761, 763). Further, the record supports the Family Court's determination that the best interests of the child would be served by freeing her for adoption by her foster mother, with whom the child has bonded and resided over a prolonged period of time (see Matter of Keylin D.C.D. [Maria S.], 239 AD3d at 850; Matter of Christian M.L. [Christopher M.L.], 238 AD3d at 763; Matter of Ahking-Tyheem C.J. [Letitia M.E.], 238 AD3d at 757; Matter of Ella Elizabeth V. [Reginald P.], 234 AD3d at 705).
DILLON, J.P., BRATHWAITE NELSON, DOWLING and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court